UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDIN-ALFONSO MARTINEZ-ESPITIA,

v.   Case No. 8:05-cr-332-T-24MSS
       8:07-cv-1584-T-24MSS

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-5; cr-140) (hereinafter "motion" or "motion to vacate").  Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

Procedural History

On October 7, 2005, Martinez-Espitia pled guilty, without a plea agreement, to conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 1903(a), 1903(g) and 1903(j); and 21 U.S.C. § 960(b)(1)(B)(ii) (count one of the superseding indictment); and to possession with the intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §§ 1903(a) and 1903(g), and 18 U.S.C. § 2; and 21 U.S.C. 906(b)(1)(B)(ii) (count two of the superseding indictment). (Docs. cr-50; cr-75),

On January 20, 2006, this Court sentenced Martinez-Espitia to 135 months incarceration as to counts one and two of the superseding indictment.  The sentences ran

concurrent to each other. (Doc. cr-75, cr-107). Martinez-Espitia directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 06-11243-JJ.

On appeal, Martinez-Espitia argued "that the district court improperly denied him a minor-role reduction because his role in the voyage was as a crewman, it was his first trip, and he had no involvement in the planning." He also argued "that the district court failed to correctly apply or take into consideration Martinez-Espitia's relevant conduct when it denied him a minimal or minor role reduction even though he was not an organizer, leader, manager, or supervisor of the criminal activity."

Martinez-Espitia further argued "that the district court violated the Supreme court's decision in *Booker* because it failed to consider 'the numerous factors' that could have resulted in a more fair and just sentence, such as his family, financial background, health, education and vocation level, and lack of criminal history." He also argued "that the district court's imposition of a low-end guideline sentence was unreasonable pursuant to § 3553(a)."

On September 7, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the disposition of this case. *United States v. Edin-Alfonso Martinez-Espitia*, (unpublished). Doc. cr-123 (USCA Decision).

On September 5, 2007, Martinez-Espitia timely filed his original section 2255 motion. Doc. cv-1. However, the Court denied the motion without prejudice and instructed Martinez-Espitia to file an amended motion. Doc. cv-3. Martinez-Espitia complied, and on September 27, 2007, filed his amended section 2255 motion (Doc. cv-5) raising the following grounds for relief:

Ground One

**Whether the defendant in this case was a minimal or minor participant**.

Martinez-Espitia contends that he was "simply a worker who received order [sic]. The defendant did not planned [sic] the trip, or own the boad. [sic]" (Motion, p. 5).

Ground Two

**Whether a downward departure is appropriate under extraordinary circumstances**

Martinez-Espitia contends "Defendant is from Colombia and will be deported to his native country after his time. Defendant has a sick mother who need the most because she has no one else to care for her." Martinez-Espitia states that "although he was represented by an appointed attorney, the attorney decided what to appeal, and that "is the reason why defendant has not raised ground 2.

Ground Three

**Whether under *Booker*, Defendant's sentence was erroneous
for not treating the Guidelines as advisory**

Discussion

The threshold inquiry in considering § 2255 claims is whether the alleged errors are cognizable in a § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225,1233 (11th Cir. 2004). As recognized in *Lynn*, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn,* 365 F.3d at 1232 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988)) (internal quotation and citation omitted).

In analyzing claims raised in a § 2255 motion, "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.2d 1340, 1343 (11th Cir.2000) (citing *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981)). In other words, "once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255 ." *Id.* (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir.1977)).

### Martinez-Espitia's Grounds for Relief Are Not Cognizable in the Present Motion To Vacate

Because Martinez-Espitia raised the grounds that he raises in the present motion to vacate on direct appeal, they are not cognizable in his motion to vacate. On appeal, as to ground one of Martinez-Espitia's motion to vacate, the Eleventh Circuit affirmed this Court's refusal to grant a minor-role reduction. (Doc. cr-123 at p. 10). As to grounds two and three, the Eleventh Circuit stated:

> Next, Martinez-Espitia argues that the district court violated the Supreme Court's decision in *Booker* because it failed to consider "the numerous factors" that could have resulted in a more fair and just sentence, such as his family, financial background, health, education and vocational level, and lack of criminal history. He further argues that the district court's imposition of a low-end guideline sentence was unreasonable pursuant to § 3553(a).
>
> Where a defendant challenges his overall sentence, we review for unreasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005); *United States v. Booker*, 543 U.S. 2210, 261, 62, 125 S.Ct. 738, 765-66, 160 L.Ed. 2d 621 (2005) (holding that appellate courts review sentences for unreasonableness in light of the § 3553(a) factors). . . .
>
> . . . We have rejected the notion that a sentence within the guidelines is *per se* reasonable, although "the use of the Guidelines remains central to the sentencing process." *United States v. Talley*, 431 F.3d 784, 787 (11th Cir. 2005). We have further stated that, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes

a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 788.

Here, the district court explicitly acknowledged that it had considered the § 3553(a) factors, particularly those relating to an appropriate punishment, deterrence, and protection of the community. Furthermore, the court acknowledged and understood that Martinez-Espitia had committed the crime in question because his mother was ill and he needed money to care for her. This Court has acknowledged that the guidelines promulgated by the Sentencing commission have been honed to take into consideration the § 3553(a) factors, and therefore, Martinez-Espitia's 135-month concurrent sentences, imposed at the low end of the applicable guidelines range, adequately reflected his personal characteristics and history, just punishment, and adequate deterrence. *See Scott,* 426 F.3d at 1330, n.5. Martinez-Espitia has not provided any evidence that his sentence was unreasonable, and the record demonstrates that the district court took the § 3553(a) factors and the guidelines into consideration before imposing his sentence. We therefore, cannot say that Martinez-Espitia's sentence was unreasonable.

**AFFIRMED.**

(Doc. cr-123 at 8-10).

To the extent that Martinez-Espitia raises any additional *Booker* claims in the present motion to vacate, the claims are denied because *United States v. Booker*, 543 U.S. 220 (2005) is not retroactive on collateral attack. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 546 U.S. 924 (2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), *cert. denied,* 536 U.S. 906 (2002).

**Accordingly, the Court orders:**

That Martinez-Espitia's 28 U.S.C. motion to vacate (Doc. cv-5; cr-140) is denied. The Clerk is directed to enter judgment against Martinez-Espitia in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 26, 2008.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Kathy J. M. Peluso
Edin-Alfonso Martinez-Espitia, pro se